# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | CRIMINAL ACTION 1:11-00034-KD-B |
| | ) | |
| MANN MAJED HADDAD and | ) | |
| AMJAD YACOUB SAHAVNEH, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendant Amjad Yacoub Sahavneh's "Motion for New Trial" (Doc. 60). Upon consideration, Defendant Sahavneh's motion for a new trial is **DENIED**.

## I. Background

The jury trial of this matter was held from May 16-18, 2011, before the undersigned United States District Judge. On May 18, 2011, having heard the evidence, the arguments of counsel and the instructions of the Court, and having considered the same upon their oaths, the jury returned two (2) separate Verdicts (one for each of the Defendants). Specifically as to Defendant Sahavneh, the jury returned the following verdict:

> -not guilty as to Count 1 (for Conspiracy in violation of Title 18, United States Code, Section 371);
>
> -guilty as to Count 3 (for Encouraging Illegal Entry by an Alien in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv));

(Doc. 58).

1

On June 1, 2011, Defendant Sahavneh filed a timely[1] motion for new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Doc. 60). Defendant Sahavneh asserts that he is entitled to a new trial because the Court erred in:

1. "denying the Defendant's Motion in Limine requesting an Order in Limine prohibiting the Government from introducing the Defendant's immigration paperwork from 1992 through 1997[,]"

2. "denying the Defendant's Motion in Limine II, requesting an Order in Limine prohibiting the Government from introducing the testimony of Sabrina Williams[,]" and

3. "refusing to allow the introduction into evidence of the entire tape recorded conversation between the Defendant and Valbory Haddad occurring on November 8, 2010."

(Id.).

As to the third alleged error, Defendant Sahavneh contends that "[t]he unedited tape would have provided the proper context to the conversation[]" and "was also relevant to the Government's argument that the Defendant knew that the conversation was being recorded." (Id. at ¶ 3).

## II.  Motion for New Trial

Rule 33 of the Federal Rules of Criminal Procedure empowers a district court to vacate a judgment and grant a new trial if the interest of justice requires. FED. R. CRIM. P. 33(a). There are two grounds upon which a court may grant a motion for new trial: one based on newly

---

[1] Pursuant to Rule 33(b)(2), "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

discovered evidence; and "the other based on any other reason, typically the interest of justice[.]" United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision whether to grant or deny such a motion rests in the sound discretion of the trial court. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987).

After a review of the motion, the Court finds that the arguments provide no meritorious basis for the Court to grant a new trial. Accordingly, for the reasons stated on the record during trial, Defendant Sahavneh's motion for new trial (Doc. 60) is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **June, 2011**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**